| | |
|---|---|
| Mark M. Makhail<br>Cynthia S. Betz<br>**MCCARTER & ENGLISH, LLP**<br>4 Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102<br>973-622-4444<br>mmakhail@mccarter.com<br>cbetz@mccarter.com | Daniel R. Evans (*pro hac vice* forthcoming)<br>Christopher J. Sorenson (*pro hac vice* forthcoming)<br>Jeffrey Blake (*pro hac vice* forthcoming)<br>**MERCHANT & GOULD, P.C.**<br>191 Peachtree Road<br>Suite 3800<br>Atlanta, GA 30303<br>404-954-5100<br>devans@merchantgould.com<br>csorenson@merchantgould.com<br>jblake@merchantgould.com |

*Attorneys for Plaintiff CMP Development LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CMP DEVELOPMENT LLC,<br><br>    Plaintiff,<br><br>      vs.<br>MSN PHARMACEUTICALS, INC. and<br>MSN LABORATORIES PVT. LTD.,<br><br>    Defendants. | Civil Action No. _____ |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff CMP Development LLC ("CMP"), by and through its undersigned attorneys, for its Complaint against the Defendants MSN Pharmaceuticals, Inc. ("MSN Inc.") and MSN Laboratories Pvt. Ltd. ("MSN Labs."), (collectively, MSN Inc and MSN Labs are referred to as "MSN"), allege as follows:

1

## NATURE OF THE ACTION

1.    This is an action for patent infringement of United States Patent Nos. 11,382,917 (the "'917 Patent"), 11,666,576 (the "'576 Patent"), 11,975,006 (the "'006 Patent"), and 12,186,322 (the "'322 Patent") (collectively, the "Patents-in-Suit") under the patent laws of the United States, Title 35, United States Code § 100 et seq., including 35 U.S.C. §§ 271 and 281.

2.    This action relates to the submission by MSN of Abbreviated New Drug Application No. 221209 to the U.S. Food and Drug Administration ("FDA") under Section 505(j) of the Federal Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j) (hereafter, "the MSN ANDA").

3.    The MSN ANDA seeks approval from the FDA to engage in the commercial manufacture, use, and/or sale of a generic form of CMP's TADLIQ® product (hereafter, the "MSN ANDA Product") before expiration of the Patents-in-Suit.

4.    CMP seeks all available relief under the patent laws of the United States, 35 U.S.C. § 100, et seq., and other applicable laws for MSN's infringement of the Patents-in-Suit.

## THE PARTIES

5.    CMP is a specialty pharmaceutical company that develops, manufactures, and markets a portfolio of high value liquid and topical products that address critical needs for niche markets and alternative dosage forms for acute and long-term care to help treat conditions including but not limited to pulmonary arterial hypertension, hypertension, heart failure, cholesterol reduction, and coronary artery disease.

6.    CMP is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 8026 E. Marlboro Road, Farmville, NC 27828.

ME1\60303339.v1

7.    CMP's mission is to develop and deliver high-quality proprietary topical and oral liquid medications for niche markets, specializing in alternative dosage forms that address unmet needs for patients across various acute and long-term care settings.

8.    CMP is the holder of New Drug Application ("NDA") No. 214522 for TADLIQ®, an oral suspension available in a dosage strength of 20 mg/5 mL. The FDA approved TADLIQ® on June 17, 2022.

9.    TADLIQ® is the only ready-to-use, once daily oral suspension containing tadalafil that is approved by the FDA. TADLIQ® is indicated for the treatment of pulmonary arterial hypertension to improve exercise ability. TADLIQ® is an option for patients with dysphagia who have difficulty swallowing, or who cannot swallow tablets, and thus need a liquid formulation of tadalafil. TADLIQ® is available as a ready-to-use, once-daily liquid alternative that ensures consistent dosing and eliminates the need for complex powder and compounded formulations, thereby removing the complexities and inconsistencies of compounding tadalafil tablets, which could result in unstable or inconsistent dosing for patients. CMP sells TADLIQ® in this judicial district and throughout the United States.

10.  On information and belief, MSN Inc. is a company organized and existing under the laws of Delaware, having its principal place of business in the United States in 20 Duke Road, Piscataway, NJ 08854. On information and belief, MSN Inc. is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0400627791. On information and belief, MSN Inc. is in the business of, among other things, marketing and selling generic copies of branded pharmaceutical products for the U.S. market. On information and belief, MSN Inc. is a wholly-owned subsidiary of Defendant MSN Labs and is an authorized U.S. Agent for MSN Labs, including for the MSN ANDA Product.

ME1\60303339.v1

11.  On information and belief, MSN Labs. is a company organized and existing under the laws of India, having its principal place of business at MSN House, Plot No: C-24, Industrial Estate, Sanathnagar, Hyderabad, 500018, Telangana, India.

12.  MSN is in the business of, among other things, developing, manufacturing, and selling generic forms of branded pharmaceutical products in the United States market, including in the State of New Jersey.

13.  MSN intends to commercially manufacture, market, offer for sale, and sell the MSN ANDA Product before the expiration of the patents asserted in this Complaint in the State of New Jersey upon FDA approval of the MSN ANDA.

## JURISDICTION AND VENUE

14.  This action arises under the patent laws of the United States of America, 35 U.S.C. § 100, et seq. and from submission of the MSN ANDA.

15.  This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338(a).

16.  MSN has a principal place of business at 20 Duke Road, Piscataway, NJ 08854, and it regularly and continuously transacts business in New Jersey, including by selling pharmaceutical products in New Jersey. This establishes personal jurisdiction over MSN Pharmaceuticals, Inc.

17.  Further, this Court has personal jurisdiction over MSN Labs. under Federal Rule of Civil Procedure 4(k)(2). CMP's claims arise under the federal Patent Act, and MSN Laboratories Pvt. Ltd. is not subject to jurisdiction in any state's courts of general jurisdiction. The exercise of personal jurisdiction is consistent with federal due process, including because MSN Labs. has minimum contacts with the United States as a whole.

4

18. MSN derives substantial revenue from the sale of products in New Jersey and have availed themselves of the privilege of conducting business within New Jersey. This judicial district is a likely destination of the MSN ANDA Product.

19. In addition, the MSN ANDA relates to this litigation and is substantially connected with this judicial district because it reliably and non-speculatively predicts MSN's intent to market and sell the MSN ANDA Product in this judicial district.

20. MSN has taken the significant step of applying to the FDA for approval to engage in future activities—including the marketing of the MSN ANDA Product—which will be purposefully directed at the District of New Jersey.

21. MSN intends to direct sales of its generic drugs in this judicial district once MSN receives the requested FDA approval to market the MSN ANDA Product, as, on information and belief, MSN Inc. is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business I.D. No. 0400627791.

22. Defendants have invoked the jurisdiction of the courts of this judicial district as counterclaim plaintiffs in numerous patent infringement actions under the Hatch-Waxman Act. *See, e.g.*, *Bausch Health Ireland Limited, et al., v. MSN Laboratories Private Ltd., et al.*, C.A. No. 21-10057, ECF No. 10 (D.N.J. June 18, 2021); *Mitsubishi Tanabe Pharma Corporation, et al., v. MSN Laboratories Private Ltd., et al.*, C.A. No. 19-18958, ECF No. 11 (D.N.J. December 6, 2019); *Chiesi USA Inc., et al., v. MSN Pharmaceuticals Inc., et al.*, C.A. No. 19-18564, ECF No. 16 (D.N.J. December 23, 2019); *Mitsubishi Tanabe Pharma Corporation, et al., v. MSN Laboratories Private Ltd., et al.*, C.A. No. 19-15616, ECF No. 10 (D.N.J. October 22, 2019); *BTG International Limited, et al., v. MSN Pharmaceuticals Inc., et al.*, C.A. No. 18-02372, ECF No. 8 (D.N.J. June 8, 2018); *Merck Sharp & Dohme Corp. v. MSN Laboratories Private Limited, et al.*, C.A. No. 18-

5

00675, ECF No. 17 (D.N.J. March 28, 2018); *Forest Laboratories, LLC, et al., v. MSN Laboratories Private Limited, et al.*, C.A. No. 17-10140, ECF No. 14 (D.N.J. December 6, 2017); *Boehringer Ingelheim Pharmaceuticals, Inc., et al., v. MSN Laboratories Private Limited, et al.*, C.A. No. 17-08399, ECF No. 12 (D.N.J. January 2, 2018); *Boehringer Ingelheim Pharmaceuticals, Inc., et al., v. Aurobindo Pharma USA Inc., et al.*, C.A. No. 18-07887, ECF No. 55 (D.N.J. June 26, 2018); *Mitsubishi Tanabe Pharma Corporation, et al., v. MSN Laboratories Private Ltd., et al.*, C.A. No. 17-05302, ECF No. 47 (D.N.J. December 22, 2017); *Sumitomo Dainippon Pharma Co., Ltd., et al., v. MSN Laboratories Private Ltd., et al.*, C.A. No. 17-01010, ECF No. 33 (D.N.J. May 11, 2018); *Boehringer Ingelheim Pharmaceuticals, Inc., et al., v. Hec Pharm Group, et al.*, C.A. No. 15-05982, ECF No. 55 (D.N.J. September 3, 2015); and *Janssen Products, L.P., et al. v. MSN Pharmaceuticals, Inc., et al.*, C.A. 21-14622, ECF No. 15 (D.N.J December 17, 2021).

23. Defendants have not contested personal jurisdiction in this judicial district, including in patent infringement actions under the Hatch-Waxman Act. *See, e.g.*, *Bausch Health Ireland Limited, et al., v. MSN Laboratories Private Ltd., et al.*, C.A. No. 21-10057, ECF No. 10 (D.N.J. June 18, 2021); *Actelion Pharmaceuticals Ltd., et al., v. MSN Pharmaceuticals Inc., et al.*, C.A. No. 20-03859, ECF No. 16 (D.N.J. June 3, 2020); *Mitsubishi Tanabe Pharma Corporation, et al., v. MSN Laboratories Private Ltd., et al.*, C.A. No. 19-18958, ECF No. 11 (D.N.J. December 6, 2019); *Chiesi USA Inc., et al., v. MSN Pharmaceuticals Inc., et al.*, C.A. No. 19-18564, ECF No. 16 (D.N.J. December 23, 2019); *Mitsubishi Tanabe Pharma Corporation, et al., v. MSN Laboratories Private Ltd., et al.*, C.A. No. 19-15616, ECF No. 10 (D.N.J. October 22, 2019); *BTG International Limited, et al., v. MSN Pharmaceuticals Inc., et al.*, C.A. No. 18-02372, ECF No. 8 (D.N.J. June 8, 2018); *Merck Sharp & Dohme Corp. v. MSN Laboratories Private Limited, et al.*, C.A. No. 18-00675, ECF No. 17 (D.N.J. March 28, 2018); *Forest Laboratories, LLC, et al., v.*

6

*MSN Laboratories Private Limited, et al.*, C.A. No. 17-10140, ECF No. 14 (D.N.J. December 6, 2017); *Boehringer Ingelheim Pharmaceuticals, Inc., et al., v. MSN Laboratories Private Limited, et al.*, C.A. No. 17-08399, ECF No. 12 (D.N.J. January 2, 2018); *Boehringer Ingelheim Pharmaceuticals, Inc., et al., v. Aurobindo Pharma USA Inc., et al.*, C.A. No. 18-07887, ECF No. 55 (D.N.J. June 26, 2018); *Mitsubishi Tanabe Pharma Corporation, et al., v. MSN Laboratories Private Ltd., et al.*, C.A. No. 17-05302, ECF No. 47 (D.N.J. December 22, 2017); *Sumitomo Dainippon Pharma Co., Ltd., et al., v. MSN Laboratories Private Ltd., et al.*, C.A. No. 17-01010, ECF No. 33 (D.N.J. May 11, 2018); *Boehringer Ingelheim Pharmaceuticals, Inc., et al., v. Hec Pharm Group, et al.*, C.A. No. 15-05982, ECF No. 55 (D.N.J. September 3, 2015) and *Janssen Products, L.P., et al. v. MSN Pharmaceuticals, Inc., et al.*, C.A. 21-14622, ECF No. 15 (D.N.J December 17, 2021).

24. MSN will engage in marketing of its MSN ANDA Product in New Jersey and Delaware upon approval of the MSN ANDA.

25. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

26. On July 12, 2022, the U.S. Patent and Trademark Office ("USPTO") duly and legally issued the '917 Patent, titled "Liquid Oral Formulations for Tadalafil." A true and correct copy of the '917 Patent is attached hereto as Exhibit A. The claims of the '917 Patent are valid and enforceable. CMP is the exclusive licensee of the '917 Patent and has the right to enforce it.

27. On June 6, 2023, the USPTO duly and legally issued the '576 Patent, titled "Liquid Oral Formulations for Tadalafil." A true and correct copy of the '576 Patent is attached hereto as Exhibit B. The claims of the '576 Patent are valid and enforceable. CMP is the exclusive licensee of the '576 Patent and has the right to enforce it.

28. On May 7, 2024, the USPTO duly and legally issued the '006 Patent, titled "Liquid Oral Formulations for Tadalafil." A true and correct copy of the '006 Patent is attached hereto as Exhibit C. The claims of the '006 Patent are valid, and enforceable. CMP is the exclusive licensee of the '006 Patent and has the right to enforce it.

29. On January 7, 2025, the USPTO duly and legally issued the '322 Patent, titled "Liquid Oral Formulations for Tadalafil." A true and correct copy of the '322 Patent is attached hereto as Exhibit D. The claims of the '322 Patent are valid and enforceable. CMP is the exclusive licensee of the '322 Patent and has the right to enforce it.

30. TADLIQ® or the use of TADLIQ® is covered by at least one claim of each of the Patents-in-Suit.

## MSN'S INFRINGEMENT OF THE PATENTS-IN-SUIT

31. By letter dated January 23, 2026 ("MSN's Notice Letter"), MSN notified CMP that it had submitted ANDA No. 221209 to the FDA under Section 505(j)(2)(B) of the FDCA (21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95(c)) seeking approval to engage in the commercial manufacture, use, and/or sale of a generic version of TADLIQ® before the expiration of the Patents-in-Suit. CMP received MSN's Notice Letter on January 30, 2026.

32. The MSN ANDA contains a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("paragraph IV certification"), alleging that the claims of the Patents-in-Suit are invalid, unenforceable and/or would not be infringed by the MSN ANDA Product.

33. MSN intends to engage in commercial manufacture, use, and/or sale of the MSN ANDA Product promptly upon receiving FDA approval to do so.

8

34. By submitting ANDA No. 221209, MSN has represented to the FDA that the MSN ANDA Product has the same active ingredient, the same route of administration, the same dosage form, the same use, the same strength, and is bioequivalent to TADLIQ®.

35. The MSN ANDA Product, upon approval, will have the same active ingredient as TADLIQ® in the same amount as TADLIQ®, which is 20 mg/5 mL tadalafil.

36. The MSN ANDA Product, upon approval, will be in the same dosage form as TADLIQ®, which is an oral liquid suspension.

37. The MSN ANDA Product, upon approval, will have the same or substantially similar inactive ingredients as TADLIQ®.

38. The MSN ANDA Product, upon approval, will be a ready-to-use oral suspension with tadalafil as the active ingredient.

39. The MSN ANDA Product, upon approval, will be available as an option for patients needing tadalafil and who have dysphagia, who have difficulty swallowing, or who cannot swallow tablets or capsules.

40. The MSN ANDA Product, upon approval, will not require compounding before administration.

41. The MSN ANDA Product, upon approval, will be approved for the same use for which TADLIQ® has been approved by the FDA.

42. The MSN ANDA Product, upon approval, will be bioequivalent to TADLIQ®.

43. This action is being filed within forty-five (45) days of CMP's receipt of MSN's Notice Letter.

44. MSN's Notice Letter included an Offer of Confidential Access (the "Offer") pursuant to 21 U.S.C. 355(j)(5)(C)(i)(III), to which CMP responded and informed MSN that the Offer was

9

unreasonable and did not comply with the Hatch Waxman Act. The Offer restricted access to attorneys from only one outside law firm representing CMP, prohibited in-house counsel, business personnel, and outside experts from reviewing or discussing the MSN ANDA without MSN's consent, allowed MSN to redact and select which portions to disclose, and failed to provide access to necessary documents such as FDA correspondence and samples. Upon receipt, MSN rejected CMP's proposed edits, and no agreement has been reached.

## CLAIMS FOR RELIEF

### Count I—Infringement of the '917 Patent

45.  CMP incorporates each of the preceding paragraphs as if fully set forth herein.

46.  MSN had actual and constructive knowledge of the '917 Patent prior to submitting ANDA No. 221209, and was aware that submission of the MSN ANDA to the FDA constituted an act of infringement of the '917 Patent under 35 U.S.C. § 271(e)(2)(A).

47.  MSN's submission of the MSN ANDA to FDA with the corresponding certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R § 314.94(a)(12)(i)(A)(4) as to the '917 Patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

48.  The MSN ANDA Product contains the same active ingredient, tadalafil, in the same amount, as recited in the claims of the '917 Patent. Further, upon information and belief, the MSN ANDA Product contains an excipient or combination of excipients that performs substantially the same function as the recited anti-foaming agents in the claims of the '917 Patent, in substantially the same way, to achieve substantially the same result.

49.  Upon approval, the commercial manufacture, use, offer to sell, or sale within the United States, and/or importation into the United States of the MSN ANDA Product will infringe one or more claims of the '917 Patent under 35 U.S.C. § 271(a), either literally or under the

ME1\60303339.v1

doctrine of equivalents, by making, using, offering to sell, selling and/or importing the MSN ANDA Product, and/or by actively inducing infringement by others under 35 U.S.C. § 271(b) and/or contributing to infringement under 35 U.S.C. § 271(c), unless this Court orders that the effective date of any FDA approval of the MSN ANDA shall be no earlier than the expiration of the '917 patent.

50. In addition, on information and belief, MSN had specific intent to infringe the '917 Patent when it filed ANDA No. 221209.

51. There are no substantial non-infringing uses for the MSN ANDA Product other than as claimed in the '917 Patent.

52. The commercial manufacture, use, offer for sale, sale, and/or importation of the MSN ANDA Product in violation of CMP's patent rights will cause substantial and irreparable harm to CMP for which CMP does not have an adequate remedy at law.

### Count II—Infringement of the '576 Patent

53. CMP incorporates each of the preceding paragraphs as if fully set forth herein.

54. MSN had actual and constructive knowledge of the '576 Patent prior to submitting ANDA No. 221209, and was aware that submission of the MSN ANDA to the FDA constituted an act of infringement of the '576 Patent under 35 U.S.C. § 271(e)(2)(A).

55. MSN's submission of the MSN ANDA to FDA with the corresponding certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R § 314.94(a)(12)(i)(A)(4) as to the '576 Patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

56. The MSN ANDA Product contains the same active ingredient, tadalafil, as recited in the claims of the '576 Patent. Further, upon information and belief, the MSN ANDA Product contains an excipient or combination of excipients that performs substantially the same function

ME1\60303339.v1

as the recited wetting agents in the claims of the '576 Patent, in substantially the same way, to achieve substantially the same result.

57. Upon approval, the commercial manufacture, use, offer to sell, or sale within the United States, and/or importation into the United States of the MSN ANDA Product will infringe one or more claims of the '576 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing the MSN ANDA Product, and/or by actively inducing infringement by others under 35 U.S.C. § 271(b) and/or contributing to infringement under 35 U.S.C. § 271(c), unless this Court orders that the effective date of any FDA approval of the MSN ANDA shall be no earlier than the expiration of the '576 Patent.

58. In addition, on information and belief, MSN had specific intent to infringe the '576 Patent when it filed ANDA No. 221209.

59. There are no substantial non-infringing uses for the MSN ANDA Product other than as claimed in the '576 Patent.

60. The commercial manufacture, use, offer for sale, sale, and/or importation of the MSN ANDA Product in violation of CMP's patent rights will cause substantial and irreparable harm to CMP for which CMP does not have an adequate remedy at law.

### Count III—Infringement of the '006 Patent

61. CMP incorporates each of the preceding paragraphs as if fully set forth herein.

62. MSN had actual and constructive knowledge of the '006 Patent prior to submitting ANDA No. 221209, and was aware that submission of the MSN ANDA to the FDA constituted an act of infringement of the '006 Patent under 35 U.S.C. § 271(e)(2)(A).

63. MSN's submission of the MSN ANDA to FDA with the corresponding certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R § 314.94(a)(12)(i)(A)(4) as to the '006 Patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

64. The MSN ANDA Product contains the same active ingredient, tadalafil, as recited in the claims of the '006 Patent. Further, upon information and belief, the MSN ANDA Product contains an excipient or combination of excipients that performs substantially the same function as the recited wetting agents as recited in the claims of the '006 Patent, in substantially the same way, to achieve substantially the same result.

65. Upon approval, the commercial manufacture, use, offer to sell, or sale within the United States, and/or importation into the United States of the MSN ANDA Product will infringe one or more claims of the '006 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing the MSN ANDA Product, and/or by actively inducing infringement by others under 35 U.S.C. § 271(b) and/or contributing to infringement under 35 U.S.C. § 271(c), unless this Court orders that the effective date of any FDA approval of the MSN ANDA shall be no earlier than the expiration of the '006 Patent.

66. In addition, on information and belief, MSN had specific intent to infringe the '006 Patent when it filed ANDA No. 221209.

67. There are no substantial non-infringing uses for the MSN ANDA Product other than as claimed in the '006 Patent.

68. The commercial manufacture, use, offer for sale, sale, and/or importation of the MSN ANDA Product in violation of CMP's patent rights will cause substantial and irreparable harm to CMP for which CMP does not have an adequate remedy at law.

## Count IV—Infringement of the '322 Patent

69. CMP incorporates each of the preceding paragraphs as if fully set forth herein.

70. MSN had actual and constructive knowledge of the '322 Patent prior to submitting ANDA No. 221209, and was aware that submission of the MSN ANDA to the FDA constituted an act of infringement of the '322 Patent under 35 U.S.C. § 271(e)(2)(A).

71. MSN's submission of the MSN ANDA to FDA with the corresponding certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R § 314.94(a)(12)(i)(A)(4) as to the '322 Patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

72. The MSN ANDA Product contains the same active ingredient, tadalafil, as recited in the claims of the '322 Patent. Further, upon information and belief, the MSN ANDA Product contains an excipient or combination of excipients that performs substantially the same function as the recited wetting agents as recited in the claims of the '322 Patent, in substantially the same way, to achieve substantially the same result.

73. Upon approval, the commercial manufacture, use, offer to sell, or sale within the United States, and/or importation into the United States of the MSN ANDA Product will infringe one or more claims of the '322 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing the MSN ANDA Product, and/or by actively inducing infringement by others under 35 U.S.C. § 271(b) and/or contributing to infringement under 35 U.S.C. § 271(c), unless this Court orders that the effective date of any FDA approval of the MSN ANDA shall be no earlier than the expiration of the '322 patent.

74. In addition, on information and belief, MSN had specific intent to infringe the '322 Patent when it filed ANDA No. 221209.

ME1\60303339.v1

75. There are no substantial non-infringing uses for the MSN ANDA Product other than as claimed in the '322 Patent.

76. The commercial manufacture, use, offer for sale, sale, and/or importation of the MSN ANDA Product in violation of CMP's patent rights will cause substantial and irreparable harm to CMP for which CMP does not have an adequate remedy at law.

## PRAYER FOR RELIEF

CMP respectfully requests the following relief:

a) A judgment that MSN has infringed one or more claims of the Patents-in-Suit under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 221209 under Section 505(j) of the FDCA, and that MSN's making, using, offering to sell, or selling in the United States or importing into the United States of the MSN ANDA Product will infringe one or more claims of the Patents-in-Suit.

b) An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 221209 shall be a date which is not earlier than the latest expiration date of the Patents-in-Suit, as extended by any applicable periods of exclusivity;

c) An order under 35 U.S.C. § 27l(e)(4)(B) permanently enjoining MSN, its subsidiaries, parents, officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with it or acting on its behalf, from engaging in the commercial manufacture use, offer to sell, or importation into the United States, of any drug product the use of which is covered by the Patents-in-Suit, including the MSN ANDA Product;

d) A finding that this is an exceptional case under 35 U.S.C. § 285, and that CMP be awarded reasonable attorneys' fees and costs; and

15

e)   An award of any such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Date: March 16, 2026

By: /s/ *Mark M. Makhail*

Mark M. Makhail
Cynthia S. Betz
**MCCARTER & ENGLISH, LLP**
4 Gateway Center
100 Mulberry Street
Newark, NJ 07102
973-622-4444
mmakhail@mccarter.com
cbetz@mccarter.com

Daniel R. Evans, Esq.
Jeffrey D. Blake, Esq.
**MERCHANT & GOULD P.C.**
191 Peachtree Street N.E., Suite 3800
Atlanta, GA 30303
devans@merchantgould.com
jblake@merchantgould.com
(404) 954-5100

Christopher J. Sorenson, Esq.
**MERCHANT & GOULD P.C.**
150 South 5th Street, Suite 2200
Minneapolis, MN 55402
csorenson@merchantgould.com
(612) 332-5300

*Counsel for Plaintiff*
*CMP Development LLC*

16

ME1\60303339.v1

## **LOCAL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

<u>/s/ *Mark M. Makhail*</u>
Mark M. Makhail
Cynthia S. Betz
**McCARTER & ENGLISH, LLP**
4 Gateway Center
100 Mulberry Street
Newark, NJ 07102
973-622-4444
mmakhail@mccarter.com
cbetz@mccarter.com

Daniel R. Evans, Esq. (*pro hac vice* forthcoming)
Jeffrey D. Blake, Esq. (*pro hac vice* forthcoming)
**MERCHANT & GOULD P.C.**
191 Peachtree Street N.E., Suite 3800
Atlanta, GA 30303
devans@merchantgould.com
jblake@merchantgould.com
(404) 954-5100

Christopher J. Sorenson, Esq. (*pro hac vice*
forthcoming)
**MERCHANT & GOULD P.C.**
150 South 5th Street, Suite 2200
Minneapolis, MN 55402
csorenson@merchantgould.com
(612) 332-5300

*Counsel for Plaintiff*
*CMP Development LLC*

17